IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MONIQUE BASSALINDA LEDET** § | |
| § | |
| vs. § | |
| § | Civil Action No.  4:15-cv-3428 |
| § | (JURY) |
| **LIBERTY MUTUAL INSURANCE** § | |
| **COMPANY, LIBERTY MUTUAL FIRE** § | |
| **INSURANCE COMPANY** § | |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants, Liberty Mutual Insurance Company (*improperly joined*) and Liberty Mutual Fire Insurance Company (referred to collectively as "Defendants" or "Liberty"), timely file this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 149th Judicial District Court, Brazoria County, Texas to the United States District Court for the Southern District of Texas, Houston Division and in support thereof show as follows:

#### A.   Introduction

1. Plaintiffs commenced this lawsuit against Defendants Liberty Mutual Insurance Company (*improperly joined*) and Liberty Mutual Fire Insurance Company in the 149th Judicial District Court, Brazoria County, Texas on or about November 18, 2015. Liberty was served with this lawsuit on November 12, 2015. A copy of the Original Petition and Service Documents are attached as Exhibit "A".

2. Defendants are filing this Notice of Removal within 30 days of its first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3.     Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code violations resulting from the alleged conduct of Defendants.  Plaintiff's claims against Defendants arise under a homeowner's policy of insurance issued by Defendant Liberty Mutual Fire Insurance Company on Plaintiff's residential property located in Brazoria County, Texas. Plaintiff claims the property was damaged when a hail and/or wind storm struck the roof.  Plaintiff further alleges she has incurred monetary losses as a result of the property damage allegedly caused by hail and/or wind storm. Defendants did find minor wind damage to the property and made a payment for the adjusted damage in the amount of $2,095.91. Defendant denies that any further sums are owed Plaintiff under the policy and that it conducted a reasonable investigation.

### B.     Jurisdiction & Removal

5.     This Court has jurisdiction in the case pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties.  Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

6.     Plaintiff is a citizen of the State of Texas.  Liberty Mutual Fire Insurance Company is a company organized under the laws of the State of Wisconsin with its principal place of business located in Boston, Massachusetts.  Liberty Mutual Insurance Company *(improperly joined)* is a company organized under the laws of the State of Massachusetts with its principal place of business located in Boston, Massachusetts.

7.     For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1995).

Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 10995). If the petition does not include a specific monetary demand, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). That requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Id*. Items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages – just not interest or costs. *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy. *Manguno*, *Id*. Here the combination of Plaintiff's allegations and claim for damages in the Original Petition demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

8.      Plaintiff's Original Petition states, "Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties costs, expenses, pre-judgment interest, and attorney fees." (*See* Exhibit "A", Paragraph 9.1) Thus it is "facially apparent" from the petition that Plaintiff seeks damages in excess of the jurisdictional limit.

9.      Alternatively, assuming *arguendo* that Plaintiff's statement for monetary relief is not a "specific monetary demand", the amount in controversy still apparently exceeds $75,000. Plaintiff's Original Petition seeks damages for breach of contract, bad faith, violations of the Texas Insurance Code, violations of the Texas DTPA, misrepresentation, and respondeat

superior. The petition requests actual damages, investigative and engineering fees, court costs, plus attorneys' fees. Further, the petition alleges the Defendants' actions were committed knowingly indicating they are seeking treble damages and/or exemplary damages.

10. The amount in controversy, per *St. Paul Reinsurance* and *Manguno*, includes the following elements of damages:

- Plaintiff's actual damages (contract) for his losses under the insurance policy
- Damages for violations of the Texas Insurance Code and DTPA(statutory extra-contractual, including the statutory 18% interest penalty)
- Mental anguish
- Statutory Attorneys' fees

11. When the applicable damages for determining the amount in controversy as spelled out in *St. Paul Reinsurance* and *Manguno* are compared with the Plaintiff's Original Petition it becomes clear that the amount in controversy in this case is above $75,000.

12. As demonstrated below, Defendants reasonably believe the amount in controversy exceeds $75,000. Plaintiff's demand includes an estimate for property damage totaling $22,950.16. (*See* Exhibit "B"). Using the contract damages as a starting point for determining the total amount of damages sought by Plaintiff, the following chart clearly demonstrates that the total sought exceeds the jurisdictional amount needed to confer diversity jurisdiction:

| Claim for Damages | Petition Cite | Plaintiff's Alleged Damages |
|---|---|---|
| Actual damages alleged for property damage as a result of breach of contract | Ex. A Plaintiff's Original Petition paragraphs 6.7, 6.9, 7.2. | $22,950.16 |
| Treble Damages for knowing violations of the Texas Insurance Code and Texas DTPA | Ex A Plaintiff's Original Petition paragraphs 7.4, 7.5 and 9.3 | $68,850.48 |

4

| | | |
|---|---|---|
| 18 percent interest for violations of the Insurance Code | Ex A Plaintiff's Original Petition paragraph 9.2 | $12,393.08 for three years |
| Attorney's Fees | Ex A Plaintiff's Original Petition paragraph 10.1 | $4,500 |
| Engineering Fees | Ex A Plaintiffs' Original Petition paragraph 9.2 | Unknown |
| **Evidentiary Total:** | | **$108,693.72** |

13. Clearly, as this case progresses Plaintiff's claims for attorneys' fees as well as statutory penalty interest will rise. *St. Paul Reinsurance* and *Manguno* require all of these damage elements to be considered when determining the amount in controversy. This includes consideration of the policy limits. In this case, the policy limit for the dwelling is $278,400 and the limit for Other Structures is $27,840. (*See* Exhibit "C"). When all these elements are considered, the amount in controversy exceeds $75,000.

14. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

15. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 149th Judicial District Court of Brazoria County pursuant to 28 U.S.C. § 1446(d).

16. Attached hereto are all documents required by LR 81, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

17. Defendants made a demand for a jury trial in the state court action. Defendants also request a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules.

18. All fees required by law in connection with this Notice have been tendered and paid by Defendants.

WHEREFORE, Liberty Mutual Insurance Company (*improperly joined*) and Liberty Mutual Fire Insurance Company hereby remove the above-captioned matter now pending in the 149th Judicial District Court, Brazoria County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By: __/s/ *J. Mark Kressenberg*_____
J. Mark Kressenberg, Attorney in Charge
jkressenberg@sheehyware.com
Fed. Adm. No. 7793
Texas State Bar No. 11725900
909 Fannin Street
Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR DEFENDANTS LIBERTY MUTUAL INSURANCE COMPANY AND LIBERTY FIRE INSURANCE COMPANY**

2400766

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 20th day of November, 2015, to the following counsel of record:

Jesse S. Corona
The Corona Law Firm, PLLC
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
(281) 882-3531
(713) 678-0613 (facsimile)

                    /s/ *J. Mark Kressenberg*_____
                    J. Mark Kressenberg