EXHIBIT A



**CORPORATION SERVICE COMPANY**

RCS / ALL
Transmittal Number: 14462106
Date Processed: 11/12/2015

# Notice of Service of Process

| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
|---|---|

| | |
|---|---|
| **Entity:** | Liberty Mutual Fire Insurance Company<br>Entity ID Number  2542855 |
| **Entity Served:** | Liberty Mutual Fire Insurance Company |
| **Title of Action:** | Monique Bassalinda Ledet vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Brazoria County District Court, Texas |
| **Case/Reference No:** | 83823-CV |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/12/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jesse S. Corona<br>281-882-3531 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Service I.D. No. 38009

CAUSE NO. 83823-CV
**149th District Court**

THE STATE OF TEXAS

CITATION

TO:   **Liberty Mutual Fire Insurance Company**
      **By serving its Registered Agent**
      **Corporation Service Company**
      **211 East 7th Street Suite 620**
      **Austin TX 78701-3218**
      **Or wherever it may be found**

Defendant

NOTICE:

        You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

        The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **23rd day of October, 2015**.  It bears Cause No. **83823-CV** and Styled:

**MONIQUE LEDET**
**VS.**
**LIBERTY MUTUAL INSURANCE COMPANY, ET AL**

        The name and address of the Attorney filing this action (or Party, if Pro Se) is **Jesse S. Corona**, 2611 **Cypress Creek Parkway, Suite H-200,  Houston, TX  77068.**

        The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

        Issued under my hand and the seal of said Court, at Angleton, Texas, on the **26th day of October, 2015.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _____, Deputy
        Michelle Bailey

SERVICE COPY

Citation by Registered Agent

Service I.D. No. 38009

RETURN OF SERVICE

CAUSE NO. 83823-CV     149th District Court

MONIQUE LEDET
VS.
LIBERTY MUTUAL INSURANCE COMPANY, ET AL

Liberty Mutual Fire Insurance Company
By Serving Its Registered Agent
Corporation Service Company
211 East 7th Street Suite 620
Austin TX  78701-3218
or wherever it may be found

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following times and places, to-wit:

NAME          DATE    TIME    PLACE, COURSE, AND DISTANCE FROM COURTHOUSE     MILEAGE

_____

_____

_____

_____

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason:  _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy          $_____     _____, Officer
Mileage: _____ miles @ $_____ per mile     $_____     _____ County, Texas
Total                              $_____     _____
                                                            Deputy/Authorized Person

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                    (First, Middle, Last)
address is_____
                    (Street, City, State, Zip Code, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____ on the ____ day of _____, 20__.

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        (Id No. and expiration of certification)

Citation by Registered Agent

CAUSE NO. _____

| | | |
|---|---|---|
| **MONIQUE BASSALINDA LEDET,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **BRAZORIA COUNTY, TEXAS** |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY, LIBERTY MUTUAL** | § | |
| **FIRE INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MONIQUE BASSALINDA LEDET ("Plaintiff"), and complains of LIBERTY MUTUAL INSURANCE COMPANY and/or LIBERTY MUTUAL FIRE INSURANCE COMPANY ("LIBERTY MUTUAL" and/or "Defendant").  In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

### I.  DISCOVERY CONTROL PLAN

1.1     Discovery in this case should be conducted in accordance with a Level 2 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4.

### II.  PARTIES

2.1     Plaintiff, MONIQUE BASSALINDA LEDET, is a resident of Brazoria County, Texas.

2.2     Defendant, LIBERTY MUTUAL INSURANCE COMPANY and LIBERTY MUTUAL FIRE INSURANCE COMPANY, are both foreign corporations engaged in the

---

business of insurance in this state.  Both entities are registered with the Texas Department of Insurance with the same mailing address of 175 Berkeley Street, Boston, MA 02116-5066.  Both entities may be served with process by serving its same registered agent for service, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, TX 78701-3218, or wherever it may be found.  Plaintiff requests citation be issued and mailed to Plaintiff attorney's office at this time.

### III.  JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Brazoria County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Brazoria County, Texas.

### IV.  AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

### V.  CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

### VI.  FACTS APPLICABLE TO ALL COUNTS

6.1     Plaintiff is the owner of a Texas Homeowner's Policy No. H32-291-218760-10 issued by LIBERTY MUTUAL (the "Policy").

---

6.2    Plaintiff owns the insured property, which is specifically located at 3217 Bruno Way, Pearland, TX, 77584 (the "Property").

6.3    LIBERTY MUTUAL, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiff.

6.4    On or about April 20, 2015, Plaintiff experienced a storm that damaged the Property. In its track, the storm left behind widespread damage to the Property, Plaintiff's home.

6.5    The Plaintiff timely submitted a claim to LIBERTY MUTUAL. LIBERTY MUTUAL assigned various adjusters to adjust the claim. However, LIBERTY MUTUAL and and its agents were not diligent in investigating Plaintiff's loss. LIBERTY MUTUAL failed to timely and accurately investigate the covered loss. LIBERTY MUTUAL assigned claim number 031901674 to Plaintiff's claim.

6.6    Ultimately, LIBERTY MUTUAL, inspected Plaintiff's property after the storm. During the inspection, LIBERTY MUTUAL, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to Plaintiff's home.

6.7    LIBERTY MUTUAL prepared a repair estimate which did not account for all of the covered damages. Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant LIBERTY MUTUAL demonstrated it did not conduct a thorough investigation of the claim.

6.8    Defendant LIBERTY MUTUAL failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, LIBERTY MUTUAL engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

---

6.9     Defendant LIBERTY MUTUAL failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant LIBERTY MUTUAL failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendant LIBERTY MUTUAL's conduct constitutes a material breach of the insurance contract.

6.10    Defendant LIBERTY MUTUAL misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant LIBERTY MUTUAL's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the Plaintiff.   Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant LIBERTY MUTUAL failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of their liability to Plaintiff was reasonably clear under the Policy.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant LIBERTY MUTUAL failed to explain to Plaintiff why full payment was not being made.  Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims.  Tex. Ins. Code § 541.060(a)(3).

6.14    Defendant LIBERTY MUTUAL failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant LIBERTY MUTUAL refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant LIBERTY MUTUAL performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.   Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code.  Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant LIBERTY MUTUAL misrepresented the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverages; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverages; (4)  making a material misstatement of law;  and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant LIBERTY MUTUAL failed to meet their obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's

claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

6.18    Defendant LIBERTY MUTUAL failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

6.19    Defendant LIBERTY MUTUAL failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

6.20    From the point in time Plaintiff's claim was presented to Defendant LIBERTY MUTUAL, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant LIBERTY MUTUAL has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the fully payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. On or about June 18, 2015, Plaintiff's counsel sent a letter of representation requesting various documents related to the storm.

6.22    On or about July 13, 2015, Plaintiff's counsel sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter. The letter informed

Defendants of potential violations under the DTPA and Insurance Code related to their handling and adjusting of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond and an opportunity to resolve the claim without extended litigation costs. On September 10, 2015, Defendant acknowledged the letter, then denied the Demand.

6.23    Prior to Defendant's denial of Plaintiff's DTPA and Insurance Code Notice and Demand letter, on July 29, 2015, the parties executed a Texas Rule of Civil Procedure Rule 11 Agreement. Under the Rule 11, the parties agreed to exchange documents and conduct a pre-suit mediation to occur not later than 90 days after the Rule 11 was executed. On October 23, 2015, that pre-suit mediation took place, but the parties were unable to come to terms.

6.24    To date, Defendant LIBERTY MUTUAL has failed to and refused to pay Plaintiff for the proper repair of the property. Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII.  COUNTS

7.1    Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2    **COUNT 1 - BREACH OF CONTRACT**

a.    At the time of the loss, Plaintiff had a policy of insurance in place, issued by Defendant (the "Policy"). Plaintiff fully performed his contractual obligations by

making premium payments as required by his insurance contract, and at all times complied fully with all material provisions of the Policy.

b.     According to the Policy that Plaintiff purchased, Defendant LIBERTY MUTUAL had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages.  As a result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

c.     Defendant LIBERTY MUTUAL's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant LIBERTY MUTUAL's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

### 7.3     COUNT 2 -  PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.

a.     Under the Texas Insurance Code, Defendant LIBERTY MUTUAL had a duty to investigate and pay Plaintiff's claim under the Policy in a timely manner. Defendant LIBERTY MUTUAL violated Section 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

b.     All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages that are described in this petition.   Defendant

LIBERTY MUTUAL is therefore liable under Section 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

    c.    Additionally, if it is determined Defendant LIBERTY MUTUAL owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

    7.4    **COUNT 3 -   UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

    a.    As an insurer, Defendant LIBERTY MUTUAL owes statutory duties to Plaintiff as its insured.  Specifically, the Texas Insurance Code prohibits Defendant LIBERTY MUTUAL from engaging in any unfair or deceptive act or practice in the business of insurance.

    b.    By their acts, omissions, failures, and conduct, Defendant LIBERTY MUTUAL has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiff's claim, plus Defendant's failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear.  They further include Defendant's failure to give Plaintiff the benefit of the doubt.  Specifically, Defendant LIBERTY MUTUAL are guilty of the following unfair insurance practices:

    i.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

ii.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

iii.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

iv.     Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

v.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

vi.     Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverages; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverages; (4)  making a material misstatement of law; and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

c.      Defendant LIBERTY MUTUAL has also breached the Texas Insurance Code when it breached their duty of good faith and fair dealing.  Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

---

d. All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages that are described in this petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

7.5 **COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a. Plaintiff is a consumer of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code. The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b. By their acts, omissions, failures, and conduct that are described in this petition, Defendant LIBERTY MUTUAL has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA. In this respect, Defendant's violations include without limitation:

   i. Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiff as to whom was representing whom, and had whose best interests in mind. This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

   ii. As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

---

iii.     As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv.     As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

v.     Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;

vi.     Defendant breached an express and /or implied warranty that the damage caused by the subject storm would be covered under the insurance policies. This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii.     Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

viii.     Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability,

and experience to a grossly unfair degree.  Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

      ix.    Defendant's conduct, acts, omissions, and failures as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

      c.    All of the above-described acts, omissions, and failure of Defendant is a producing cause of Plaintiff's damages that are described in this petition.  All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

## 7.6    COUNT 5 - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

      a.    By its acts, omissions, failures, and conduct, Defendant has breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendant is a proximate cause of Plaintiff's damages.

## 7.7    COUNT 6 - MISREPRESENTATION

      a.    Defendant LIBERTY MUTUAL is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant

LIBERTY MUTUAL did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made by Defendant LIBERTY MUTUAL or its agents, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to his detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Defendant LIBERTY MUTUAL is liable for these actual consequential and penalty-based damages.

## VIII.  WAIVER AND ESTOPPEL

8.1     Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX.  DAMAGES / CLAIMS FOR RELIEF

9.1     All the damages described and sought in this petition are within the jurisdictional limits of the Court.  Plaintiff  seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

9.2     The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's home, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, and (4) attorney fees. The Plaintiff is entitled to recover consequential damages from Defendants' breach of contract.  The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest.

9.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allow recovery of up to three times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

9.4     Defendant's breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant is the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEY'S FEES

10.1    As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees.  Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Section 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.  DISCOVERY

11.1     Under the Texas Rule of Civil Procedure 194, the Defendant are requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l).  Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XII.  JURY DEMAND

12.1     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant LIBERTY MUTUAL INSURANCE COMPANY and/or LIBERTY MUTUAL FIRE INSURANCE COMPANY be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**


By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**