IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONIQUE BASSALINDA LEDET | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 4:15-cv-3428 |
| | § | (JURY) |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, LIBERTY MUTUAL FIRE | § | |
| INSURANCE COMPANY | § | |

**DEFENDANTS LIBERTY MUTUAL INSURANCE COMPANY
AND LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO COMPEL
APPRAISAL**

COME NOW Defendants, Liberty Mutual Insurance Company (*improperly joined*) and Liberty Mutual Fire Insurance Company ("Defendants" or "Liberty"), file this Motion to Compel Appraisal of Plaintiff Monique Bassalinda Ledet's ("Plaintiff") property damage claim as authorized by the insurance policy at issue in this case, and would respectfully show the Court as follows:

### I.  SUMMARY OF ARGUMENT

1. This matter involves alleged wind and hail damage to Plaintiff's home, which is insured by a policy issued by Defendant, Liberty Mutual Fire Insurance Company. On or about April 21, 2015, Plaintiff made a claim under the policy alleging that a wind/hail storm occurring sometime around April 19, 2015, caused damage to her property. Defendants inspected the claim and determined there was $2,095.91 of storm-related damage to the property. Defendants provided Plaintiff a written explanation of the results of the investigation and payment for the damages. The appraisal clause in the policy requires the parties, upon written demand, to submit

to the appraisal process when they fail to agree on "the amount of the loss." Thereafter, on July 13, 2015, Plaintiff, through her lawyer, alleged that there was $50,400.32 in property damage to the home resulting from wind/hail damage. After unsuccessfully trying to mediate the disputed amount of the loss, on October 23, 2015, Liberty invoked the Appraisal Clause, but Plaintiff has failed to comply with appraisal.

## II.     GROUNDS FOR COMPELLING APPRAISAL

2.     This suit arises out of a disagreement over the amount of loss and cost of repairs to Plaintiff's property, which was allegedly damaged by a wind/hail storm sometime around April 19, 2015.

3.     Plaintiff's insurance policy, underwritten and issued by Defendant, Liberty Mutual Fire Insurance Company, contains an Appraisal Clause for resolution of this type of dispute. The Appraisal Clause requires the parties, upon written demand, to submit to the appraisal process when they fail to agree on "the amount of loss." Despite this contractual agreement, Plaintiff now refuses to honor this Appraisal Clause.

4.     The Supreme Court of Texas held in *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009), that in every property damage claim, someone must determine the "amount of loss." An appraisal clause binds the parties to have the extent or amount of the loss determined in a particular way. Like any other contractual provision, appraisal clauses should be enforced. *Id.* at 895.

5.     Texas courts have consistently enforced appraisal provisions with virtually no exception. *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (holding that appraisal clauses generally are enforceable, absent illegality or waiver); *In re*

*Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 559 (Tex. App.–Houston [14th Dist.] 2010, no pet.

### III. FACTUAL BACKGROUND

6. Defendant, Liberty Mutual Fire Insurance Company issued Policy No. H32-291-218760-10 to Plaintiff for coverage of her property, located at 3217 Bruno Way, Pearland, TX 77584. The policy period was from October 24, 2014 to October 24, 2015.[1] Plaintiff alleges her property suffered damage from a wind/hailstorm occurring on or about April 19, 2015.

7. After the Plaintiff reported the loss on April 21, 2015, the claim was evaluated by an adjuster, Tara Markuson, on behalf of Defendants. Based on this inspection, it was determined that there was hail/windstorm damage to the premises in the amount of $1,558.79, and on April 23, 2015, Liberty made payment to the Plaintiff.

8. Thereafter, Plaintiff retained Sharon J. Black of Black Label Adjusters to re-evaluate the initial estimate. On May 6, 2015, Ms. Black submitted a demand for an additional $7,924.50. After some debate about the policy language, Ms. Black reduced the demand to $6,000 of which Liberty paid $537.12 on May 20, 2015.

9. Subsequently, Plaintiff retained counsel and, on June 18, 2015, and served Defendants with a statutory demand letter seeking $50,400.32, consisting of $22,950.16 in actual damages, and $4,500.00 in attorneys' fees. On August 14, 2015, Liberty re-inspected Plaintiff's property. On September 10, 2015, Defendants rejected Plaintiff's settlement demand and specifically notified Plaintiff that Defendants reserve their rights to invocate appraisal.[2]

10. Before proceeding with appraisal or litigation, the parties agreed to attempt a quick resolution of this matter, permitting Defendants to re-inspect the loss and then proceed to

---
[1] A true and correct copy of the policy is attached as Exhibit "A"
[2] A true and correct copy of that correspondence is attached as Exhibit "B"

mediation. Mediation occurred on October 23, 2015; however, the parties were unable to resolve Plaintiff's claim. After mediation failed to resolve the dispute as to the amount of the loss, Plaintiff filed suit on October 23, 2015. On November 18, 2015 Defendants filed their Answer to the Plaintiff's Original Petition, specifically reserving its appraisal rights;[3] Defendants concluded the parties were at an impasse and, on October 23, 2015, invoked appraisal pursuant to the terms of the policy.[4] Plaintiff, in accordance with the excess terms of the policy, was to have designated his appraiser within twenty (20) days of the date Defendants invoked appraisal. That did not occur. Subsequently, on November 20, 2015 Plaintiff's counsel notified counsel for Liberty Mutual that his client was opposing appraisal thus necessitating this Motion[5].

## IV.    ARGUMENT AND AUTHORITIES

**A.    Plaintiff has failed to comply with his contractual obligation to submit this dispute to appraisal under the appraisal clause of the Insurance Policy and this Court must compel appraisal.**

11.    The policy's appraisal clause provides that either party may make written demand for an appraisal if the parties disagree on the amount of loss. Specifically, "SECTION 1 – CONDITIONS", subsection E. "Appraisal", of Homeowners 3 reads:

> **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:
>
>    a.  Pay its own appraiser; and
>    b.  Bear the other expenses of the appraisal and umpire equally.

---

[3] A true and correct copy of Defendant's Answer is attached as Exhibit "C"
[4] A true and correct copy of that correspondence is attached as Exhibit "D"
[5] A true and correct copy of that communication (e-mail) is attached as Exhibit "E"

12. Texas courts specifically enforce appraisal clauses in standard Texas policies and have routinely required insureds to participate in the appraisal process as contracted under their policies. *See Universal*, 345 S.W.3d at 412; *In re Allstate County Mut. Ins. Co.,* 85 S.W.3d 193, 196 n. 5 (Tex. 2002); *In re State Farm Lloyds*, 170 S.W.3d 629, 634-635 (Tex. App.—El Paso 2005, orig. proceeding); *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo, 1999, no pet.).

13. The Supreme Court of Texas has reaffirmed the mandatory nature and enforceability of appraisal clauses and noted that this is a principal that has been followed consistently since at least 1888. *Universal*, 345 S.W.3d at 406-07 (holding that appraisal clauses generally are generally enforceable, absent illegality or waiver); *Johnson*, 290 S.W.3d at 888-89 (citing *Scottish Union v. Nat. Inc. Co. v. Clancy*, 8 S.W.630 (Tex.1888)); *see also In re Allstate*, 85 S.W.3d at 196.

14. The Texas Supreme Court has held that an Appraisal Clause should be upheld even if there is some underlying dispute because the parties still need to know the "amount of loss." *Johnson*, 290 S.W.3d at 895. The facts of Johnson are instructive. There, the insured made a claim under his State Farm Lloyds homeowners policy alleging the roof of the home had been damaged during a hail storm. *Id.* at 887-88. State Farm Lloyds' adjuster concluded that hail caused only minimal damage to the ridgeline of the roof which fell below the policy's deductible. *Id.* Accordingly, no payment was made on the claim. The insured's contractor argued that hail had damaged the entire roof thus mandating that the entire roof be replaced. *Id.* At that juncture, the insureds invoked appraisal under the terms of their policy. *Id.* State Farm Lloyds took the position that since there was a dispute over coverage—specifically, a dispute concerning causation of the observed damages—and not just the "amount of the loss," appraisal

was not appropriate. *Id.* The Texas Supreme Court determined that the dispute over roof damage was properly subject to the policy's appraisal provision holding that "[a]ny appraisal necessarily includes some causation element, because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages for everything else". *Id.* at 893. The application of Johnson to this case is clear; irrespective of the cause of the insured's claimed roof damage, or whether it is a covered loss, someone must determine what the amount of that loss is resulting from the alleged storm.

15.     It is undisputed that the appraisal clause applies to the dispute over the amount of Plaintiff's loss. Defendants have properly and timely invoked the appraisal clause in the policy. Therefore, Texas law mandates that the Plaintiff comply with the appraisal clause as properly requested by Defendants.

**B.     Defendants have not waived the right to enforce Appraisal.**

16.     While Texas courts have held that an insurer can waive its right to appraisal, the intent for such waiver must be clearly demonstrated by the surrounding facts and circumstances. *In re Continental Cas. Co.*, No. 141-10-00709-CV, 2010 WL 3703664, at *3 (Tex. App.—Houston [14th Dist.], September 23, 2010, no pet.) (citing *Jernigan v. Langley,* 111 S.W.3d 153, 156-57 (Tex. 2003)).

17.     Texas courts are extraordinarily hesitant to find waiver of an appraisal clause. *See Scottish Union*, 8 S.W. at 632 (holding inspection of damage, partial adjustment of claim, offer to pay for certain items and acceptance of inventory of lost or damaged items did not waive appraisal as to value of disputed items damaged in fire). To constitute a waiver of appraisal, the action by the insured must be "reasonably calculated to induce the assured to believe that compliance by him with the terms and requirements of the policy is not desired, or would be of

no effect if performed." *Id.* The acts relied on must amount to a denial of liability or a refusal to pay the loss. *Id.*

18. The facts in this case do not give rise to waiver. Defendants initially attempted to resolve this claim via the normal claims process; however, Plaintiff was dissatisfied with Defendants evaluation of the loss and decided to file suit. In its Answer to Plaintiff's Petition, Defendants specifically reserved its right to appraisal. Defendants did the same in its response to Plaintiff's settlement demand letter. Efforts to reach a resolution continued via the attorneys for both sides and culminated in a failed mediation. It was not until after the unsuccessful mediation that it became clear that an impasse had been reached; prior to that point, there was every indication that the claim was subject to a negotiated settlement. Defendants invoked appraisal the same day as the unsuccessful mediation.

19. Texas law holds that inspection of the loss, adjustment, and settlement of the claim does not constitute waiver of appraisal. *Scottish Union*, 8 S.W. at 632. Likewise, invoking appraisal after portions of the claim have been paid and after suit has been filed does not constitute a waiver of appraisal. *In re Clarendon*, 2004 WL 2984916, slip op. at *3-4 (Tex. App.—Fort Worth 2004, orig. proceeding). In fact, evidence that the carrier is undertaking to ascertain the amount of the loss <u>precludes</u> a finding of waiver. *Id.* (holding that the trial court abused its discretion by refusing to enforce appraisal clause where carrier was undertaking to adjust the claim and determine the amount of the loss).

20. There is no evidence in this case of conduct by Defendants that is inconsistent with its right to enforce the appraisal provisions of the policy. Neither party ever indicated that "nothing more could be done" on this claim or that an impasse had been reached prior to mediation. *See Sanchez v. Property and Casualty Ins. Co. of Hartford*, 2010 WL 413687, at *5

(S.D. Tex. Jan. 27, 2010) ("The proper point of reference for determining whether an insurer waived the right to invoke appraisal by delay is the point at which the insurer knew the appraisal clause could be invoked because of a disagreement over the amount of damages, that is, the point of impasse with the insured.").

21. In addition, a "waiver is an affirmative defense that can be asserted against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right." *In re Acadia Ins. Co.*, 279 S.W.3d 777, 779 (Tex. App.—Amarillo 2007, orig. proceeding) (*citing Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)) (applying waiver standard to appraisal clause). As such, the Plaintiff bears the burden of showing affirmative facts evidencing a carrier's intention to relinquish the right to appraisal. *In re State Farm Lloyds*, 170 S.W.3d at 634. Plaintiff has not and cannot show any facts to meet its burden in this case.

C. **Plaintiff will not be Prejudiced by Compelling Appraisal**

22. The *Universal* Court noted that "mere delay is not enough to find waiver; a party must show that it has been prejudiced." *Universal*, 345 S.W.3d at 411 (citing *Terra Indus., Inc. v. Commonwealth Ins. Co. of Am.*, 981 F. Supp. 581 (N.D. Iowa 1997)). The court reasoned that "[i]f the insured has suffered no prejudice due to delay, it makes little sense to prohibit appraisal when it can provide a more efficient and cost-effective alternative to litigation." *Id.* In light of this rationale, and noting the tendency of other jurisdictions to so require, the court concluded that, in order to establish waiver, a party must show that "an impasse was reached, and that any failure to demand appraisal within a reasonable time prejudiced the opposing party." *Id.* at 412. The court then went on to note that "it is difficult to see how prejudice could ever be shown when the policy . . . gives both sides the same opportunity to demand appraisal." *Id.*

23. As the *Universal* court noted, it is difficult to demonstrate how Plaintiff could be prejudiced by appraisal, as the policy of insurance provides Plaintiff with the same opportunity to demand appraisal afforded to Defendants. Proceeding with appraisal in the instant case would not cause Plaintiff to suffer any "inherent unfairness in terms of delay, expense or damage to his legal position." *See id.* at 411 (citing *Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008)).

24. Consistent with the *Universal* opinion, two more recent appellate opinions have held the plaintiff must show delay and prejudice to avoid appraisal. In *EDM v. Hartford,* the court found no prejudice to the insured. No. H-10-3754, 2011 WL 2619069, at *1 (S.D. Tex. 2011). In that matter, the claim was originally adjusted but suit not filed until almost two years after the storm. *Id.* After suit had been filed, the parties proceeded to mediation. *Id.* Only after mediation failed and several months after suit was filed did the carrier invoke appraisal. *Id.* at *2. The court found that an impasse had been reached only after the parties failed at mediating their claims. *Id.* at *6. Moreover, the insured had not demonstrated any prejudice. *Id.* (defining prejudice for the purposes of waiver as the inherent unfairness in terms of delay, expense, or damage to a party's legal position); s*ee also In re Cypress Texas Lloyds*, 419 S.W.3d 443, 444-45 (Tex. App.—Beaumont 2012, orig. proceeding).

25. The Court in *In re Cypress Texas Lloyds* held that there was no prejudice to the plaintiff insureds even though they had incurred litigation expenses including hearings, motions, and expert fees. 419 S.W.3d at 444-45. The court stated that plaintiff could have avoided the costs by requesting the appraisal themselves and concluded that "when a party knows of its right to request an appraisal and does not make that request, it is difficult to attribute the costs incurred to the opponent." *Id.* at 445.

26.     Pursuant to the policy's terms, Plaintiff in this case was entitled to demand appraisal and could have avoided prejudice by making the demand himself. *Universal*, 345 S.W.3d at 412; *In re Cypress Texas* Lloyds, 419 S.W.3d at 444-45. Plaintiff did not proactively exercise his rights nor can he show any prejudice as a result of Defendant's actions. Therefore, no waiver has occurred and appraisal should be compelled. Moreover, Plaintiff would suffer no prejudice by proceeding to appraisal because, to date, Plaintiff has incurred no notable expenses, has retained no experts, and the parties have yet to conduct initial discovery in this matter.

**D.     The Court should Abate the Pre-Trial Deadlines during the pendency of the Appraisal Process.**

27.     Under Texas law, a carrier cannot be in breach of the insurance contract if it complies with the appraisal process and promptly pays the appraisal award. *Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds London*, 459 Fed. Appx. 366, 368 (5th Cir. 2012) (*citing Franco v. Slavonic Mut. Fire Ins. Ass'n,* 154 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2004, no pet.)). *See also Breshears v. State Farm Lloyds*, 155 S.W.3d 340 (Tex. App.—Corpus Christi 2004, pet. denied); *Brownlow v. United Services Auto Ass'n*, No. 13-03-758-CV, 2005 WL 608252 (Tex. App.—Corpus Christi Mar. 17, 2005, pet denied). Further, absent a finding of breach of contract, an insurer cannot be liable for prompt payment penalties or statutory or common-law "bad faith" damages. *Amine v. Liberty Lloyds of Texas Ins. Co.*, No. 01-06-00396-CV, 2007 WL 2264477 (Tex. App.—Houston [1st Dist.] Aug 9, 2007, no pet.). In view of this, courts have the discretion to stay or abate insurance litigation—such as the instant case—until appraisal is complete. *See In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d at 564-65; *Vanguard Underwriters Ins. Co.*, 999 S.W.2d at 450-51; *James v. Prop. & Cas. Ins. Co. of Hartford*, No. H-10-1998, 2011 WL 4067880 (S.D. Tex. Sept. 12, 2011); *United Neurology, P.A.*

*v. Hartford Lloyd's Ins. Co.*, No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012).

28. Upon completion of the appraisal process, the amount of the loss in this case will be fixed. Moreover, upon Defendants' prompt payment of any appraisal award, Plaintiff's contractual and extra-contractual causes of action will be extinguished under applicable Texas law. Hence, allowing litigation to proceed while appraisal is underway would unnecessarily waste valuable court resources and increase attorneys' fees and litigation costs. Accordingly, Defendants moves for abatement of all of the pre-trial deadlines currently pending in an effort to avoid the unnecessary expenditure of time and resources in a case where such investment may ultimately prove unnecessary.

## V.    CONCLUSION & REQUEST FOR RELIEF

29. Appraisal is appropriate in this matter. It is required by the policy and by the Texas Supreme Court, which has held that "like any other contractual provision, appraisal clauses should be enforced." *Johnson*, 290 S.W.3d at 895.

WHEREFORE, PREMISES CONSIDERED, Defendants Liberty Mutual Insurance Company (*improperly joined*) and Liberty Mutual Fire Insurance Company request this Court grant this Motion and order Plaintiff to designate an appraiser within 20 days of the Court's Order granting this Motion, and to otherwise fully comply with the appraisal clause of the policy. Defendants' further request that all pending pre-trial deadlines be abated until the appraisal process is complete. Defendants also requests such other and further relief as to which it may show itself entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:   /s/ J. Mark Kressenberg
J. Mark Kressenberg, Attorney in Charge
jkressenberg@sheehyware.com
Fed. Adm. No. 7793
Texas State Bar No. 11725900
909 Fannin Street
Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR DEFENDANTS LIBERTY MUTUAL INSURANCE COMPANY AND LIBERTY FIRE INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

Counsel for Defendants has discussed this Motion with Plaintiff's counsel. Plaintiff's counsel has stated that he is opposed to this relief requested in this motion.

/s/J. Mark Kressenberg
J. Mark Kressenberg

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded in accordance with the Federal Rules of Civil Procedure on this the 24th day of November, 2015 to the following counsel of record:

Jesse S. Corona
THE CORONA LAW FIRM
2611 Cypress Creek Pkwy H-200
Houston, Texas 77068
Phone: (281) 882-3531
Fax: (713) 678-0613

/s/ J. Mark Kressenberg
J. Mark Kressenberg

JMK:SLL/db
2401735