United States District Court
Southern District of Texas
**ENTERED**
January 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONIQUE BASSALINDA LEDET, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-15-3428 |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, and LIBERTY MUTUAL FIRE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Magistrate Judge upon referral from the District Judge is Defendants' motion to Compel Appraisal (Document No. 12), in which Defendants seek an Order compelling Plaintiff to engage in the appraisal process provided for in the insurance policy at issue in this case, and abating this case until that appraisal process is completed. Having considered the motion, the response, the reply, the evidence in the record, and the applicable law, it is ORDERED, for the reasons set forth below, that Defendants' Motion to Compel Appraisal (Document No. 12) is GRANTED.

This is an insurance dispute arising from alleged wind and hail damage to Plaintiff's residence on or about April 19, 2015. The case was initially filed in state court in late October 2015, and timely removed to this Court on November 20, 2015. Upon removal, Defendants promptly filed their Motion to Compel Appraisal. Plaintiff, in response to the motion, and in reliance on *Del. Underwriters v. Brock*, 211 S.W. 779 (1919), maintains that Defendant waived its right to insist on appraisal by selecting a biased and interested appraiser.

The insurance policy at issue herein contains an appraisal provision that states:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree on an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will ve the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will ser the amount of loss. Each party will:
>
> 1.  Pay its own appraiser; and
>
> 2.  Bear the other expenses of the appraisal and umpire equally.

Exhibit "A" to Defendants' Motion to Compel (Document No. 12-1) at page 19. Appraisal provisions such as this are enforceable in Texas. *In re Universal Underwriters of Texas Insurance Company,* 345 S.W.3d 404, 407 (Tex. 2011); *Scottish Union & Nat'l Ins. Co. v. Clancy,* 71 Tex. 5, 8 S.W. 630, 631 (1888); *In re Allstate County Mut. Ins. Co.,* 85 S.W.3d 193, 195 (Tex. 2002); *State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 888 (Tex. 2009). It is only when the appraisal clause is illegal, unenforceable, or has been waived, will appraisal be denied to a party seeking it. *Universal,* 345 S.W.3d at 407.

Here, there is no dispute that this case is based on the parties' differing positions on the amount of loss, thereby triggering the appraisal provisions in the policy. What is in dispute and what Plaintiff bears the burden to show, *see In re State Farm Lloyds, Inc.,* 170 S.W.3d 629, 634-635 (Tex. App.–El Paso 2005) (waiver "is an affirmative defense and the party asserting it bears the burden of proof"); *JM Walker, LLC v. Acadia Ins. Co.,* 356 Fed. Appx. 744, 748 (5th Cir. 2009) ("Under Texas law, waiver is an affirmative defense, and the party seeking to defeat appraisal bears the burden of proof."), is that Defendants "waived" the contractual right to appraisal. For there to be

waiver, there must be evidence of "intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Universal*, 345 S.W.3d at 407 (quoting *In re General Electric Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)). In addition, when waiver is based on a delay in seeking appraisal, a "party must show that it has been prejudiced." *Id.* at 411.

Plaintiff's waiver argument is not based on Defendants' failure to request appraisal within a reasonable time, nor could it have been given the promptness of Defendants' invocation of apprisal. Instead. Plaintiff's waiver argument is based on its allegation that the appraiser Defendants chose, Randall W. Taylor, is biased. According to Plaintiff, "Mr. Taylor is an individual known in the community to prepare extremely biased and resulted-oriented appraisal reports for insurance companies, that drastically devalue insureds' claims," and he "is known to not agree to an umpire unless he has a prior relationship with that person." Plaintiff's Response (Document No. 14) at 7. Plaintiff maintains that the alleged bias of Mr. Taylor is enough, under *Brock*, to constitute a waiver of the appraisal provision.

Neither the facts nor the analysis in *Brock* warrants a finding of waiver in this case. *Brock*, decided by the Texas Supreme Court nearly 100 years ago, involved the *failure* of an appraisal. In that case, the insurer requested appraisal, the insured agreed to appraisal, both sides chose their respective appraisers, both sides objected to the other's chosen appraiser as being biased, and an agreement could not be reached on an umpire. When the case went to trial, the jury determined that each side's chosen appraiser was "not a competent and disinterested appraiser" and that the insurer, who would not commit to choosing another appraiser despite the fact that the insured had agreed to choose someone else, was at fault for the failure of the appraisal and could not complain at trial about the insured's refusal to participate in the appraisal process.

3

This case is nothing like *Brock* – either factually or procedurally. Here, Defendants (the insurer) requested appraisal and chose an appraiser – Randall Taylor. Plaintiff (the insured) did not agree to appraisal, did not object to Taylor or his qualifications, and did not select her own appraiser. Instead, Plaintiff objected to Taylor only as part of her response to Defendants' Motion to Compel Appraisal, and have provided no competent evidence that Taylor is, in fact, partial.[1] Plaintiff's bare allegations about Taylor, coupled with Defendants' prompt and consistent request for appraisal, cannot be seen, under either *Brock*, or *Universal*, as a waiver by Defendants of the contractual right to appraisal provided for in the insurance policy at issue in this case. Moreover, as aptly pointed out by Defendants in their Reply (Document No. 16), Plaintiff has made no showing that she has or will be prejudiced by or through the appraisal process. Therefore, because Plaintiff has not established that Defendants have waived their right to appraisal, it is

ORDERED that Defendants' Motion to Compel Appraisal (Document No. 12) is GRANTED and this case is ABATED until such time as the parties complete the appraisal process provided for the in the insurance policy made the basis of this case.

Signed at Houston, Texas, this 6th day of January, 2016.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

---

[1] As objected to by Defendants in their Reply (Document No. 16), the cursory affidavit of Plaintiff's counsel, in which he states that "[t]he facts stated in Plaintiff's Response are true and correct to the best of my knowledge" (Document No. 14-5 at 1) is not probative of, or admissible to prove that Randall Taylor is partial to Defendants or biased against Plaintiff and her claim(s). Likewise, the "About Us" internet page for "West Fire Construction and Restoration, Inc. (Document No. 14-4 at 1), is not probative of any partiality or bias on Taylor's part related to this case and/or Plaintiff's claim.